JMH:JBD
F. #2022R00271

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JULIAN GONZALEZ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

C O M P L A I N T

(18 U.S.C. § 1512(c)(1))

No. 23-MJ-257

EASTERN DISTRICT OF NEW YORK, SS:

      Michael Canavaciol, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      On or about March 17, 2023, within the Eastern District of New York and elsewhere, the defendant JULIAN GONZALEZ did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal a record, document and other object, and attempt to do so, to wit: a black Apple iPhone with international mobile equipment identity ("IMEI") number 356961132927610, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York.

      (Title 18, United States Code, Section 1512(c)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been involved in the investigation of numerous cases involving the search and seizure of electronic devices. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On March 17, 2023, the FBI obtained a judicially authorized warrant (the "Search Warrant") to search and seize a cellular telephone assigned to a specific phone number which is known to your affiant and IMEI number 356961132927610 (the "GONZALEZ Phone") subscribed to by the defendant JULIAN GONZALEZ. A redacted copy of the Search Warrant is attached hereto as Exhibit A, and is incorporated by reference. The Search Warrant authorized agents to search the GONZALEZ Phone for evidence of violations of Title 21, United States Code, Sections 841 (narcotics distribution) and 846 (conspiracy to commit the same).

3. At approximately 8:45 p.m. on March 17, 2023, the defendant JULIAN GONZALEZ arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard an international flight.

4. At approximately 9:11 p.m., after the defendant JULIAN GONZALEZ had been taken to a private area by officials from United States Customs and Border Protection

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

for a secondary inspection, FBI agents approached the defendant, identified themselves as FBI agents, and informed him that the FBI had a warrant to search and seize the GONZALEZ Phone. FBI agents also provided GONZALEZ with a copy of the Search Warrant. GONZALEZ then handed the GONZALEZ Phone to agents from the FBI. An FBI agent verified that the GONZALEZ Phone was the device subject to search and seizure by the Search Warrant by dialing the number associated with the GONZALEZ Phone from a separate phone and confirming that the GONZALEZ Phone received the call. Upon receiving the GONZALEZ Phone from GONZALEZ, FBI agents did not observe any damage to the device. A redacted picture of the GONZALEZ Phone taken shortly after GONZALEZ had handed the device to FBI agents is included below.



5.     Shortly after providing the GONZALEZ phone to FBI agents, the defendant JULIAN GONZALEZ asked to use the GONZALEZ Phone so that he could call his wife. When FBI agents handed the GONZALEZ Phone to GONZALEZ, he proceeded to slam the GONZALEZ Phone on the ground and moved aggressively towards the GONZALEZ Phone, as if intending to step on it. GONZALEZ was restrained by CBP officers and FBI agents before he could reach the GONZALEZ Phone again.

6.  As a result of the defendant JULIAN GONZALEZ's actions, the GONZALEZ Phone sustained significant damage. A photograph taken of the GONZALEZ Phone after GONZALEZ had slammed it on the ground is included below.



WHEREFORE, your deponent respectfully requests that an arrest warrant be issued so that the defendant JULIAN GONZALEZ may be dealt with according to law.

/s/ Michael Canavaciol
Michael Canavaciol
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
22d day of March, 2023

s/ James R. Cho
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
 ) Case No.   23-MJ-248
IN THE MATTER OF THE SEARCH OF A CELLULAR TELEPHONE WITH )
PHONE NUMBER ▮▮▮▮▮▮▮▮ & INTERNATIONAL MOBILE EQUIPMENT )
IDENTITY NUMBER 356961132927610 WITHIN THE EASTERN DISTRICT OF )
NEW YORK )

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   New York
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before   March 31, 2023   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   the Duty Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   *3/17/23 5:07 pm*   *Vera M. Scanlon*
                                                                     Judge's signature

City and state:   Brooklyn, New York   Hon. Vera M. Scanlon   U.S.M.J.
                                                         *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||||
|---|---|---|---|
| Case No.: | Date and time warrant executed: || Copy of warrant and inventory left with: |
| Inventory made in the presence of : ||||
| Inventory of the property taken and name of any person(s) seized: ||||

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

*Executing officer's signature*

*Printed name and title*

## **ATTACHMENT A**

The property to be searched is a cellular telephone with phone number  and IMEI number 356961132927610 subscribed to by Julian Gonzalez ("GONZALEZ").

## ATTACHMENT B

All information or records on the SUBJECT DEVICE described in Attachment A that relate to violations of violations of Title 21, United States Code, Sections 841 (narcotics distribution) and 846 (conspiracy to commit same) (the "SUBECT OFFENSES") involving GONZALEZ between September 1, 2022 and the present, including the following:

      a. Communications regarding the SUBJECT OFFENSES, including but not limited to communications made by telephone, voice memo, text message, iMessage, and/or similar communications made via mobile messaging applications;

      b. Any information contained within mobile applications related to the SUBJECT OFFENSES, including but not limited to mobile messaging applications;

      c. Lists of co-conspirators, suppliers and customers and related identifying information;

      d. Notes, documents, records, invoices, bank statements, or correspondence in any format, such as chat logs, electronic messages, and web cache information related to the SUBJECT OFFENSES;

      e. Financial transactions and records relating to the SUBJECT OFFENSES;

      f. Photographs, videos or other images relating to the SUBJECT OFFENSES;

      g. Cell tower, GPS and other location data relating to the SUBJECT OFFENSES;

      h. Evidence of user attribution showing who used or owned the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or

deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff and technical experts. Pursuant to this warrant, the investigative agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

This warrant authorizes the use of biometric unlock features of the SUBJECT DEVICE based on the following:

a. Certain electronic devices contain the ability to use biometric features to unlock the device.

b. Users may enable a biometric unlock function on some digital devices. To use this function, a user generally displays a physical feature, such as a fingerprint, face, or eye, and the device will automatically unlock if that physical feature matches one the user has stored on the device. To unlock a device enabled with a fingerprint unlock function, a user places one or more of the user's fingers on a device's fingerprint scanner for approximately one second. To

unlock a device enabled with a facial, retina, or iris recognition function, the user holds the device in front of the user's face with the user's eyes open for approximately one second.

        c.        In some circumstances, a biometric unlock function will not unlock a device even if enabled, such as when a device has been restarted or inactive, has not been unlocked for a certain period of time (often 48 hours or less), or after a certain number of unsuccessful unlock attempts. Thus, the opportunity to use a biometric unlock function even on an enabled device may exist for only a short time.

This warrant authorizes law enforcement personnel to use reasonable force to press or swipe the fingers (including thumbs) of GONZALEZ to the fingerprint scanner of the SUBJECT DEVICE or hold the SUBJECT DEVICE in front of GONZALEZ and gain access to the contents of the SUBJECT DEVICE. Law enforcement may not use force to hold GONZALEZ's eyes open to use the biometric functions.